interfere, or in any way affect the validity of Wilson's patents, and could not be set up against them on that ground. For these reasons I think that this objection of the defendant can not be sustained

The defendant presents another reason why this injunction should not issue. He says that the machines of Williams and Orvis, which are sold by the defendant Fuller, do not infringe upon either of Wilson's reissued patents. Now, whether they do or do not, depends very much upon the construction that is to be given to those reissues. If the court should give to those reissued patents the limited and narrow construction claimed for them by the defendant's counsel, I am inclined to think that that position, perhaps, could be maintained. If, on the other hand, this court, on this question of preliminary injunction, follows the decision of Judge Ingersoll, and the full bench at a subsequent period, in relation to these same patents, it is very clear that the Williams and Orvis machines do infringe these reissued patents; and in truth it is hardly contended by the counsel for the defendant, that they do not. It seems to have been conceded by the principal argument made on behalf of the defendant, that if the decision of Judge Ingersoll, which was subsequently adopted and sustained by Judge Nelson, is a sound construction of those patents, that this is an infringement of Wilson's patent; but the attempt was made to show that both courts had committed several errors in the construction of those patents. I have said all I care to say upon that branch of the case. Much time was spent in the argument upon this very thing, more than upon any other; much ingenuity and nice criticism. But it should be borne in mind, and probably was known by some of the defendant's counsel, that there was no criticism urged before this court that was not urged with equal ingenuity and zeal and force before the court at Cooperstown. I have compared the briefs upon that subject, and I find that these questions were there presented and all have been passed upon. Justice Nelson, in the conclusion of his opinion in the case of Potter v. Wilson, says:

"3. An objection is also taken that the defendant's machines do not infringe the improvement of the feed motion of Wilson.

"The leading original idea of Wilson, and which he has embodied into his improvement, is the substitution of the two surfaces between which the cloth is clasped or held, for the baster-plate of previous machines, and so arranging these two surfaces that one of them, by an automatic intermittent motion of one or both, would advance the cloth to the needle, and at the same time admit of its being turned by the hand so as to sew curved seams. Now, it is quite clear that this conception, which has remedied a great defect in previous machines by getting rid of the frame upon which the cloth was fastened, and which could move only with the frame or baster-plate, and hence, practically, could sew straight seams and fixed curves only, was capable of being embodied into a working machine in various modes and forms. A skillful mechanic, by mere skill, and without the use of the inventive faculties, could embody it and adapt it to practical use by different mechanical devices. This requires ingenuity simply, not invention. But so long as Wilson's ideas are found in the construction and arrangement, no matter what may be its form or shape or appearance, the party using it is appropriating his invention, and must be held an infringer; and within this view we are satisfied the machines of the several defendants must be regarded violations of the patents in question."

It can hardly be expected, these questions having already been settled by the highest judicial tribunal in the Southern district of New York, that I should on a question of preliminary injunction, attempt to overrule it. If that decision at Cooperstown was wrong, the defendants could have carried it up; and it will not be pretended that that was a collusive case: it was fought too earnestly. I might almost say, bitterly. But they chose to settle down under the decision of the court, making it a perpetual injunction upon the hearing in chief. If, upon this case, after they have a hearing in chief, the court should again take the same construction of these reissued patents that has been before taken, then there is an appeal to a higher tribunal; but until that time comes, all the courts of this district will—and most certainly I shall—feel bound by this decision. The consequence is, the injunction must issue according to the prayer of the bill.

[For other cases involving this patent, see note to Potter v. Whitney, Case No. 11,341.]

POTTER v. GIBBS. See Case No. 11,342.

## Case No. 11,328.
### POTTER v. HICKS.

[Cited in Shimer v. Huber, Case No. 12,787. Nowhere reported; opinion by Cadwalader, District Judge, not now accessible.]

## Case No. 11,329.
### POTTER et al. v. HOLLAND.

[1 Fish. Pat. Cas. 327; 4 Blatchf. 206.] [1]

Circuit Court, D. Connecticut. Sept., 1858.

PATENTS—RIGHT TO SURRENDER—JOINT OWNERSHIP—"ASSIGNEE"—"GRANTEE"—"LICENSEE"—RIGHTS OF THIRD PERSONS.

1. The sole right to surrender letters patent is given (1) to the patentee, if he is alive, and

[1] [Reported by Samuel S. Fisher, Esq., and by Hon. Samuel Blatchford, District Judge, and here compiled and reprinted by permission. The syllabus and opinion are from 1 Fish. Pat. Cas. 327, and the statement is from 4 Blatchf. 206.]